IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Toni Renken,

        Plaintiff,

    v.

The Illinois State Toll Highway Authority,

        Defendant.

Case No. 22-cv-5193

Judge Jorge L. Alonso

## Memorandum Opinion and Order

Plaintiff Toni Renken filed this lawsuit against the Illinois State Toll Highway Authority ("Tollway") alleging gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Equal Pay Act of 1963, 29 U.S.C. § 206(d). The Tollway filed a motion to dismiss Count I in part and Counts II and III in their entireties (ECF No. 6). For the reasons below, the Court denies the Tollway's motion.

### Background[1]

On September 3, 2019, Renken began work as an Assistant Attorney General for the Tollway. (Compl. ¶ 6, ECF No. 1.) In November 2020, the Tollway hired a male Assistant Attorney General at a salary of $99,600. (*Id.* ¶ 8.) At that time, and despite having the same

---

[1] The Court takes its facts from those alleged in Renken's complaint (ECF No. 1), which the Court assumes are true for purposes of the Tollway's motion to dismiss. *See United Cent. Bank v. Davenport Estate LLC*, 815 F.3d 315, 318 (7th Cir. 2016). The Court also considers "not only the complaint itself, but also documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," as well as "additional facts set forth in [Plaintiff's briefing], so long as those facts are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013) (internal quotation marks and citations omitted).

1

position as her male co-worker and performing substantially similar duties, Renken's salary was only $76,800. (*Id.*)

Around September 2021, Renken transferred to a position within the Tollway's EEO Department and her salary increased to $85,500. (*Id.* ¶ 10.) This still was less than the male Assistant Attorney General's salary. (*Id.*) On December 10, 2021, Renken filed an Equal Pay Act complaint with the Illinois Department of Labor related to the pay discrepancy between her and the male Assistant Attorney General. (*Id.* ¶ 11.)

In April 2022, the Illinois Department of Labor disclosed Renken's identity to Kathleen Pasulka-Brown, the Tollway's General Counsel. (*Id.* ¶ 12.) As a result, Pasulka-Brown allegedly retaliated against Renken, who was being "watched" and passed over for opportunities. (*Id.* ¶ 14.) The Tollway terminated Renken on April 25, 2022. (*Id.* ¶ 15.) Renken submitted a retaliation complaint on May 5, 2022. (*Id.* ¶ 19.)

After filing retaliation and discrimination charges against the Tollway with the Equal Employment Opportunity Commission ("EEOC"), Renken filed this lawsuit and brought three counts against the Tollway. (*Id.* ¶ 5.) Count I of Renken's complaint alleges unequal compensation in violation of the Equal Pay Act; Count II alleges gender discrimination in violation of Title VII; and Count III alleges retaliation in violation of Title VII and the Equal Pay Act.

## Standard of Review

A Rule 12(b)(6) motion asks the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To overcome a Rule 12(b)(6) motion, a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In evaluating a

12(b)(6) motion, the court accepts as true the well-pleaded facts alleged in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Conclusory statements and legal conclusions, however, are not accepted as true. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). On review, a court must decide whether the facts in the complaint make it plausible that the plaintiff is entitled to relief. *Id.*

## Discussion

In its motion to dismiss, the Tollway asks the Court to: (1) limit Renken's Equal Pay Act claim (Count I) to the period from January 2021 to September 2021; (2) dismiss Renken's gender-discrimination claim (Count II) as untimely; and (3) dismiss Renken's retaliation claim (Count III) because it does not support an inference of retaliation. The Court addresses each count in turn.

### I. Equal Pay Act Claim (Count I)

The Tollway argues that the recovery period for Renken's Count I should be limited to between January 2021 (when the Tollway says it hired the male comparator Assistant Attorney General) and September 2021 (when Renken was transferred to the Tollway's EEO Department). Renken counters that she instead is entitled to recover for alleged violations that occurred between November 2020 (when Renken says the Tollway hired the male comparator) and April 25, 2022 (when she was terminated).

To support its requested January 2021 start date, the Tollway asks the Court to take judicial notice of its Exhibits 2–4. The Tollway claims these are screenshots from the Illinois State Comptroller's public website, and that they establish the Tollway hired the male comparator Assistant Attorney General in January 2021, not November 2020 as Renken alleges. A court considering a motion to dismiss may take judicial notice of public records. *Gen. Elec.*

3

*Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). A fact that is appropriate for judicial notice is one that "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In other words, indisputability is required. *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995).

The Court declines to take judicial notice of the Tollway's screenshot exhibits. The screenshots merely display certain salary information, and definitive employment records for this period do not appear to be public—indeed, some of the data in the Tollway's exhibits appears no longer to be publicly available on the cited website. Renken also has reiterated her own belief that the male Assistant Attorney General was hired in November 2020, not January 2021, and the public screenshots do not indisputably show otherwise. The Court therefore declines to take judicial notice of the Tollway's Exhibits 2–4. The start date for Renken's Equal Pay Act claim thus remains November 2020, at least at this early stage.

As to the end date for Renken's Count I, the Tollway argues that the claim must end with her transfer to the EEO Department in September 2021, rather than her termination on April 25, 2022, because Renken has not adequately alleged that her new position was comparable to that of the male Assistant Attorney General. Renken responds that her claim should include the time she worked in the EEO Department because that position was a lateral move requiring the same skills and qualifications, but that she continued to make less than her male comparator.

A plaintiff asserting an Equal Pay Act violation ultimately must show "that the employees do equal work which requires equal skill, effort, and responsibility" and "have similar working conditions," meaning that "that the jobs compared are substantially equal, based upon actual job performance and content—not job titles, classifications or descriptions." *Markel v.*

4

*Bd. of Regents of Univ. of Wisconsin Sys.*, 276 F.3d 906, 912–13 (7th Cir. 2002) (internal quotation marks and citation omitted). Yet, in the employment-discrimination context, a plaintiff need not allege facts establishing every element at the pleading stage, and may "allege these claims quite generally." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The complaint need only provide "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests," and "show that it is plausible, rather than merely speculative, that [the plaintiff] is entitled to relief." *Id.* (citation omitted). In *Tamayo*, the complaint had listed the plaintiff's salary and the salaries of her similarly situated male coworkers, alleged specific adverse employment actions, and claimed discriminatory treatment. *Id.* at 1085. The court concluded that was enough to survive dismissal. *Id.*

Here too, Renken's allegations are enough. In both her complaint and her opposition brief, Renken alleges that the same male Assistant Attorney General remained a higher-paid comparator after Renken was transferred to the EEO Department, lists their relative salaries, and states that her transfer to the EEO Department was a lateral move requiring the same skills and qualifications as her male comparator. At the pleading stage, this is enough to extend Renken's Equal Pay Act claim through her time at the EEO Department. *See id.* The Court therefore denies the Tollway's motion to dismiss as to Count I.

## II. Gender Discrimination Claim (Count II)

The Tollway argues that Renken's Count II should be dismissed as untimely because she did not allege any adverse employment action, including discriminatory compensation, on or after November 27, 2021—that is, within 180 days before she filed her EEOC charges. Because Renken did not first file her Title VII claim with a state or local agency, alleged unlawful actions must have occurred no earlier than 180 days before Renken filed her EEOC charges for her claim

5

to be timely. 42 U.S.C. § 2000e–5(e)(1); *see also McCoy v. Illinois Inst. of Tech.*, No. 1:20-CV-02746, 2022 WL 11166624, at *2 (N.D. Ill. Oct. 19, 2022) ("Failure to comply with § 2000e-5(e)(1)'s requirement renders a claim untimely."). "[A]n unlawful employment practice occurs . . . each time . . . compensation is paid." 42 U.S.C. § 2000e-5(e)(3)(A). Thus, "a new cause of action for pay discrimination arises every time a plaintiff receives a paycheck resulting from an earlier discriminatory compensation practice—even one that occurred outside the statute of limitations period." *Kellogg v. Ball State Univ.*, 984 F.3d 525, 529 (7th Cir. 2021) (internal quotation marks and citations omitted).

This "paycheck accrual rule" makes Count II timely. Renken alleges that in September 2021 she was transferred to a lateral position in the EEO Department and received a salary increase, but still was paid less than her male comparator. As a result, from September 2021 until her termination on April 25, 2022, she continued to be the victim of alleged discrimination under Title VII related to her compensation. Count II therefore encompasses not only the period before her transfer to the EEO Department, but also the time she worked in the EEO Department until her termination in April 2022, much of which falls within the 180-day statute-of-limitations period. Because Renken has adequately alleged discriminatory compensation during the entirety of her time within the EEO Department, Count II is timely and the Court denies the Tollway's motion to dismiss as to that count.

### III.    Retaliation Claim (Count III)

Lastly, the Tollway seeks to dismiss Renken's Count III as failing to support a causal connection for retaliation. In support, it asks the Court to take judicial notice of its Exhibit 5, which it claims is the Tollway's January 20, 2022 response to Renken's Illinois Department of Labor complaint, signed by Kathleen Pasulka-Brown. The Tollway argues this document shows

6

that Pasulka-Brown knew of Renken's Illinois Department of Labor complaint approximately four months before Renken alleges Pasulka-Brown learned Renken's identity and the Tollway terminated Renken in April 2022, and that four months is too long to suggest a causal link between Renken's Illinois Department of Labor complaint and her termination. Renken counters that the Court should ignore the Tollway's Exhibit 5, and that she has adequately pled retaliation regardless. As explained below, even were the Court to take judicial notice of Exhibit 5, Renken has stated a plausible retaliation claim, and the Tollway's purported four-month gap between its awareness of Renken's state complaint and its termination of her in April 2022 does not warrant dismissal at this stage.

"To plead a retaliation claim under Title VII, a plaintiff must allege that she engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013). The pleading need not prove a causal link between the protected activity and the adverse employment action. *Id*. For instance, in *Luevano* the Seventh Circuit reversed a dismissal and held that the plaintiff had sufficiently pled retaliation by alleging she had filed a complaint against her supervisor and then suffered reduced working hours. *Id.* That was "all Luevano needed to do at that stage." *Id.*

Renken's complaint likewise adequately pleads retaliation. Renken alleges that she engaged in the statutorily protected act of filing an Equal Pay Act claim with the Illinois Department of Labor, and that, as a result, she was "watched" and passed over for opportunities and ultimately terminated. Renken need not develop a causal relationship further at this time to survive dismissal.

Even assuming a four-month period between the Tollway's discovery of Renken's state complaint and her termination, "no bright-line timing rule can be used to decide whether a

7

retaliation claim is plausible or whether it should go to a jury," and "[t]he facts and circumstances of each case necessarily must be evaluated to determine whether an interval is too long to determine rationally that an adverse employment action is linked to an employee's earlier complaint." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 829 (7th Cir. 2014) (internal quotation marks and citation omitted).

The Tollway points to cases holding that a four-month or shorter period between protected activity and an adverse employment action did not support particular retaliation claims. *See Longstreet v. Illinois Dep't of Corrections*, 276 F.3d 379, 384 (7th Cir. 2002); *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 665 (7th Cir. 2006); *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 919 (7th Cir. 2000). However, each of those cases was decided at the summary judgment stage, after plaintiffs evidently had obtained nothing in discovery beyond mere timing to establish causal links. *Longstreet*, 276 F.3d at 384 ("Her only evidence of a connection is the timing; the transfer occurred 4 months after the second complaint."); *Tomanovich*, 457 F.3d at 665 ("Tomanovich relies solely on the timing as evidence of a causal connection."); *Sauzek*, 202 F.3d at 919 ("[P]laintiffs have shown no evidence other than the three month gap . . . .").

By contrast, the parties here have not yet proceeded to discovery, and the distinction between a plaintiff facing Rule 12(b)(6) dismissal and one facing summary judgment matters. *See Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022). At this stage, Renken need only allege facts to support a plausible inference that the Tollway retaliated against Renken for filing her state complaint. She has done so—she alleges that Pasulka-Brown and the Tollway retaliated upon learning of her state complaint, ultimately resulting in her termination despite her job performance. The Court will not deny Renken an opportunity to seek further evidence to support her retaliation allegations in this case based merely on a potential four-month period

8

between the Tollway's awareness of her state complaint and its termination of her employment. The Court therefore denies the Tollway's motion to dismiss as to Count III.

## Conclusion

The Court denies the Tollway's motion to dismiss (ECF No. 6) in its entirety and vacates its prior stay order (ECF No. 12). Defendant's answer is due August 1, 2023. A telephonic initial status hearing is set for August 30, 2023, at 9:30 am. The parties are directed to file a joint initial status report in accordance with this Court's procedures by August 25, 2023.

**SO ORDERED.**  ENTERED: July 19, 2023

_____
**HON. JORGE ALONSO**
**United States District Judge**